RYAN ALEXANDER, ESQ.
Nevada Bar No. 10845
RICHARD A. ENGLEMANN, ESQ.
Nevada Bar No. 6965
RYAN ALEXANDER, CHTD.
3017 West Charleston Blvd., Ste. 10
Las Vegas, Nevada 89102
Ryan@ryanalexander.com
Richard@ryanalexander.com
Phone: (702) 333-8888
Fax: (702) 822-1133
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| MICHAEL JOHNSON, an Individual;<br><br>Plaintiff,<br>v.<br><br>UNITED FINANCIAL CASUALTY COMPANY, a subsidiary of PROGRESSIVE COMMERCIAL HOLDINGS, INC., a PROGRESSIVE CASUALTY INSURANCE COMPANY; DOES I through X, inclusive; and ROE CORPORATIONS I through X, inclusive,<br><br>Defendants. | Case No.: 2:24-cv-01418-APG-EJY<br><br>**JOINT DISCOVERY PLAN AND [PROPOSED] SCHEDULING ORDER**<br><br>**SPECIAL SCHEDULING REVIEW REQUESTED** |

Pursuant to Fed. R. Civ. P. 26(f) and LR 26-1, Plaintiff, MICHAEL JOHNSON ("Plaintiff"), by and through his counsel of record, Richard A. Englemann, Esq., and Ryan Alexander, Esq., of RYAN ALEXANDER, CHTD., and Defendant UNITED FINANCIAL CASUALTY COMPANY, a subsidiary of PROGRESSIVE COMMERCIAL HOLDINGS, INC., a PROGRESSIVE CASUALTY INSURANCE COMPANY ("Defendant"), by and through its attorneys of record, RYAN L. DENNETT, ESQ., and MATTHEW J. WAGNER, ESQ., of DENNETT WINSPEAR, LLP, hereby submit the following joint proposed discovery plan and proposed scheduling order, as follows:

**1. CASE CONFERENCE**

The parties, through counsel, conducted the Rule 26(f) Case Conference on October 4, 2024. Richard A. Englemann, Esq., participated on behalf of Plaintiff and Matthew J. Wagner, Esq., participated on behalf of Defendant.

**2.  RULE 26 (a)(1) INITIAL DISCLOSURES**

The Parties agreed to exchange Rule 26(a)(1) Initial Disclosures by **October 18, 2024**, which is fourteen (14) days after the Rule 26(f) Case Conference was conducted on October 4, 2024.

**3.  DISCOVERY PLAN - RULE 26(f) REQUIREMENTS**

   **A.  *Changes in the timing, form, or requirement for Rule 26(a) disclosures*:**

None.  Rule 26(a) disclosures will be made by October 18, 2024.

   **B.  *Subjects on which discovery may be needed, when discovery will be completed, and whether discovery should be conducted in phases or limited to particular issues*:**

Discovery may be conducted on all matters relevant to the claims or defenses of any party.  Discovery should not be conducted in phases or limited to particular issues.

   **C.  *Any issues about disclosure or discovery of electronically stored information*:**

None.  The parties do not believe this case presents extraordinary issues in this regard.

   **D.  *Any issues about claims of privilege or of protection, including if the parties agree on a procedure to assert these claims after production*:**

The parties do not believe this case presents extraordinary issues.

The parties agree that the inadvertent disclosure of privileged information does not act as a waiver of any privilege that might otherwise exist.

The parties also agree to use good faith efforts to resolve any dispute that may arise in connection with a party's assertion of a claimed privilege before requesting court intervention.  The parties agree to request a further order under Federal Rule of Evidence 502(d) if they believe discovery in this case presents additional issues in this regard.

   **E.  *Changes in the limitations on discovery imposed under the Federal Rules or Local Rules, and other limitations*:**

None.  The parties agree to the limitations under applicable rules and other authority.

**4.  DISCOVERY PLAN - LOCAL RULE 26-1 REQUIREMENTS**

On March 2, 2024, Plaintiff filed a Complaint in the Eighth Judicial District Court, Clark County, State of Nevada, Case No. A-24-888297-C.  Defendant Removed the case to this Court on August 2,

2024, based upon diversity, prior to filing its Answer. Defendant's Answer was filed on September 3, 2024.

1. **_Discovery Cut-Off Date_:**

Discovery shall be completed by **May 1, 2025**, 240 days from the date of Defendant's filing of its Answer. The Parties are requesting additional time as the Underinsured Claim is Six (6) years and some of the medical providers are closed and the parties are having a difficult time getting medical records. In addition, the Parties are discussing possible mediation in an attempt to resolve this claim.

2. **_Amendment of Pleadings and Adding Parties_:**

The deadline to amend pleadings and add parties shall be **January 31, 2024** (not later than ninety [90] days before the close of discovery).

3. **_FRCP 26(a)(2) Disclosures (Experts)_:**

The deadline to make initial expert disclosures shall be **March 3, 2025** (sixty [60]) days before the close of discovery);[1] and,

The deadline to make rebuttal expert disclosures shall be **April 2, 2025** (thirty [30] days after the initial expert disclosure deadline).

4. **_Dispositive Motions_:**

The deadline to file dispositive motions shall be **June 2, 2025** (not later than thirty [30] days after the close of discovery).[2]

5. **_Pretrial Order:_**

The deadline to submit the pretrial order shall be **July 2, 2025** (not later than thirty [30) days after the deadline for dispositive motions) or, in the event dispositive motions are filed, the joint pretrial order shall be filed within thirty [30] days after the Court's decision on the dispositive motions or further order of the Court.

6. ~~**_Interim Status Report_:**~~

~~Pursuant to LR 26-3, the parties shall submit an interim status report by **March 3, 2025** (not later than sixty [60] days before the close of discovery).[3]~~

---

[1] Actual date fall on non-judicial day, therefore adjusted.
[2] Actual date fall on non-judicial day, therefore adjusted.
[3] Actual date fall on non-judicial day, therefore adjusted.

**5.    EXTENSIONS OR MODIFICATIONS OF THE DISCOVERY PLAN**

LR 26-4 governs modifications or extensions of this discovery plan and scheduling order. Any stipulation or motion to extend deadlines must be made no later than 21 days before the subject deadline and comply fully with LR 26-4.

| | |
|---|---|
| DATED: October 4, 2024 | DATED: October 4, 2024 |
| **RYAN ALEXANDER, CHTD.** | **DENNETT WINSPEAR LLP** |
| */s/ Richard A. Englemann, Esq.* | */s/ Matthew J. Wagner, Esq.* |
| RYAN ALEXANDER, ESQ. | RYAN L. DENNETT, ESQ. |
| Nevada Bar No. 10845 | Nevada Bar No. 5617 |
| RICHARD A. ENGLEMANN, ESQ. | MATTHEW J. WAGNER, ESQ. |
| Nevada Bar No. 6965 | Nevada Bar No. 011311 |
| 3017 West Charleston Blvd., Ste. 10 | 3301 N. Buffalo Dr., Suite 195 |
| Las Vegas, Nevada 89102 | Las Vegas, NV 89129 |
| *Attorneys for Plaintiff* | *Attorneys for Defendant* |

**ORDER**

**IT IS SO ORDERED:**

UNITED STATES MAGISTRATE JUDGE

Dated: October 7, 2024

4