1
2
3
4
5

MATTHEW J. WAGNER, ESQ.
Nevada Bar No. 011311
mwagner@dennettwinspear.com
**DENNETT WINSPEAR, LLP**
3301 N. Buffalo Drive, Suite 195
Las Vegas, Nevada  89129
Telephone:    (702) 839-1100
***Attorneys for Defendant***
***UNITED FINANCIAL CASUALTY***
***COMPANY***

6

7                      UNITED STATES DISTRICT COURT

8                            DISTRICT OF NEVADA

9

MICHAEL JOHNSON, an Individual;

10                                          Plaintiff,          CASE NO:  2:24-cv-01418-APG-EJY

11    vs.

**STIPULATION AND ORDER TO**
12    UNITED FINANCIAL CASUALTY                    **EXTEND DISCOVERY**
      COMPANY, a subsidiary of PROGRESSIVE              **[FIRST REQUEST]**
13    COMMERCIAL HOLDINGS, INC., a
      PROGRESSIVE CASUALTY INSURANCE
14    COMPANY; DOES I through X, inclusive; and
      ROE CORPORATIONS I through X, inclusive,

15                                          Defendants.

16          Pursuant to the Court's Local Rule 26-3 and LR 26-3, Plaintiff MICHAEL JOHNSON by and

17    through his counsel of record, RYAN ALEXANDER, ESQ. and RICHARD A. ENGLEMANN, ESQ.,

18    of RYAN ALEXANDER, CHTD, and Defendant, UNITED FINANCIAL CASUALTY COMPANY, a

19    Subsidiary of Progressive Commercial Holdings, Inc., a Progressive Casualty Insurance Company

20    (hereinafter "PROGRESSIVE"), by and through its counsel MATTHEW J. WAGNER, ESQ., of the

21    law firm of DENNETT WINSPEAR, LLP, respectfully move this honorable Court for an order

22    extending discovery, and submit this stipulation in accordance with LR 6-1 and LR 26-4.  The

23    parties have conferred and agree that an extension of discovery is both necessary and warranted

24    for a period of ninety (90) days.

25

26    **I.      BACKROUND**

27          On or about April 25, 2018, Plaintiff Johnson was involved in a motor vehicle accident in Las

28    Vegas, Nevada with non-party Rebecca Canton. As a result of the subject incident, Plaintiff alleges

that he sustained significant bodily injuries to his head, neck, back, left shoulder, and chest. Plaintiff Johnson alleges $98,244.96 in past medical bills, as well as millions in damages for future care and damages. Sometime around April 2021, Plaintiff Johnson settled his claim against non-party Canton for her $50,000.00 policy limit on behalf of the at-fault driver. At the time of the subject accident, Plaintiff Johnson had access to UM/UIM benefits vis-à-vis an insurance policy issued by Progressive to Plaintiff Johnson's employer, which provided combined single limit coverage in the amount of $1,000,000.00.

**II.    INFORMATION REQUIRED BY LOCAL RULE 26-4**

The parties provide the following information in accordance with local Rule 26-4.

**A. Discovery Completed**

On November 15, 2024, Plaintiff served his initial disclosures.

On October 30, 2024, Defendant served their initial disclosures and a proposed Stipulation and Order for Confidentiality Agreement.

On February 4, 2025, Defendant served a first supplement to their disclosure of documents and witnesses.

Defendant has retained a medical expert who can perform a medical examination of Plaintiff Johnson pursuant to FRCP 35. Counsel for the respective parties are working cooperatively to schedule a date for that examination. The parties also are working out a stipulation to proceed with the examination.

Defendant has also been actively working to obtain copies of Plaintiff's medical records to provide to an expert for evaluation and to complete the FRCP 35 examination of Plaintiff.

**B. Discovery that Remains to Be Completed**

The parties have conferred and agree that an additional extension of time in which to complete all remaining discovery is warranted, and that good cause exists for the extension, as detailed herein.

Defendant will take the deposition of Plaintiff Johnson.

2

Plaintiff Johnson will take the deposition of the appropriate representative(s) of Defendant Progressive.

Defendant has identified a medical expert, Lauren Frey, M.D., who specializes in neurology. The parties are working cooperatively to schedule the examination of Plaintiff Johnson with Dr. Frey.

The parties' respective experts will produce their reports and findings.

The parties will depose designated expert witnesses.

The parties would also like time to explore opportunities for alternative dispute resolution, including private mediation.

**C. Reasons Why the Deadlines Were Not Satisfied**

Despite party efforts, additional time is required in order to schedule a Rule 35 examination of Plaintiff, which could not be completed prior to the expert deadline due to a lack of complete medical records and scheduling conflicts with potential examiners.

Further time is necessary in order for the parties to schedule a Rule 35 examination, complete party depositions, and serve written discovery. Counsel is working together to complete necessary remaining discovery, but require additional time in which to do so.

**D. Proposed Schedule for Remaining Deadlines**

After conferring as to the needs of the case, the parties propose the following schedule for discovery and the remaining case management deadlines to include an additional ninety (90) days:

|  | CURRENT DATE | PROPOSED DATE |
|---|---|---|
| Close of Discovery | May 1, 2025 | July 30, 2025 |
| Amend Pleadings/add parties | January 31, 2024 | CLOSED |
| Expert Disclosures | March 3, 2025 | June 2, 2025[1] |

---

[1] Deadline falls on Sunday, June 2, 2025 and is therefore relegated to Monday, June 3, 2025.

| Rebuttal Experts | April 2, 2025 | July 1, 2025 |
| --- | --- | --- |
| Dispositive Motions | June 2, 2025 | September 1, 2025[2] |
| Pre-Trial Order | July 2, 2025 | September 30, 2025 |

The parties state their proposed discovery extension request is made in good faith and not sought for delay or any improper purpose, and that the additional time is needed to allow the parties to complete discovery and adequately prepare the case for trial or other resolution.

DATED this 14th day of February, 2025.        DATED this 14th day of February, 2025.

**RYAN ALEXANDER, CHTD**                       **DENNETT WINSPEAR, LLP**


By *Richard A. Englemann*                      By */s/ Matthew J. Wagner*
RYAN ALEXANDER, ESQ.                           RYAN L. DENNETT, ESQ.
Nevada Bar No. 10845                           Nevada Bar No. 005617
RICHARD A. ENGLEMANN, ESQ.                     MATTHEW J. WAGNER, ESQ.
Nevada Bar No. 6965                            Nevada Bar No. 11311
3017 West Charleston Blvd., Ste. 10            3301 N. Buffalo Drive, Suite 195
Las Vegas, Nevada 89102                        Las Vegas, Nevada  89129
Ryan@ryanalexander.us                          Telephone :(702) 839-1100
Richard@ryanalexander.us                       Facsimile: (702) 839-1113
Phone: (702) 868-3311                           **Attorneys for Defendants**
Fax: (702) 822-1133                            **PROGRESSIVE MUTUAL AUTOMOBILE**
**Attorneys for Plaintiff, Michael Johnson**   **INSURANCE COMPANY**

## <u>ORDER</u>

Good cause appearing therefore, IT IS SO ORDERED.


DATED this __18th__ day of ___February___, 2025.


UNITED STATES MAGISTRATE JUDGE

---

[2] Deadline falls on Sunday, August 31, 2025 and is therefore relegated to Monday, September 1, 2025.